UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BARD IVC FILTERS PRODUCTS
LIABILITY LITIGATION

MDL No. 2641

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders conditionally transferring their respective actions to MDL No. 2641. Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (together Bard) oppose the motions to vacate. Healthcare defendant California Pacific Medical Center (CPMC) in the Northern District of California *Ruden* action supports the motion to vacate as to *Ruden*.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2641, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like many of the already-centralized actions, these actions involve factual questions arising from allegations that defects in the design of Bard's retrievable inferior vena cava filters make them more likely to fracture, migrate, tilt, or perforate the inferior vena cava, causing injury. *See In re: Bard IVC Filters Prods. Liab. Litig.*, MDL No. 2641, __ F. Supp. 3d __, 2015 WL 4885543 at *1 (J.P.M.L. Aug. 17, 2015).

In support of the motions to vacate, plaintiffs argue that the federal courts lack subject matter jurisdiction over these actions, and transfer will be inconvenient and prejudicial for them. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiff can present these arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am.: Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). We also have held that, while transfer of a particular action might inconvenience some parties to that action, such a transfer is often necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

Plaintiff and CPMC in the Northern District of California *Ruden* action also argue that this case will involve unique facts concerning the claims against CPMC. But products liability cases,

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

Case 4:15-cv-05189-JSW   Document 61   Filed 02/04/16   Page 2 of 3
Case 2:15-md-02641-DGC   Document 562   Filed 02/04/16   Page 2 of 3
Case MDL No. 2641   Document 230   Filed 02/04/16   Page 2 of 3

-2-

especially medical device cases, usually involve some plaintiff-specific factual issues, and these are not a bar to transfer. *See, e.g., In re: Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010). Moreover, MDLs involving medical devices often include similar claims against healthcare defendants. *See, e.g.,* Transfer Order (*Malcolm*), MDL No. 2327, ECF No. 1311, at 2 (J.P.M.L. Oct. 17, 2013) ("There are numerous medical negligence claims pending in MDL No. 2327 against various healthcare defendants, most of whom are not named in more than one action.").

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Arizona and, with the consent of that court, assigned to the Honorable David G. Campbell for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Lewis A. Kaplan
Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry

CERTIFIED TO BE A TRUE COPY
DATED: 2.5.16

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

BY_____
DEPUTY CLERK

Case 4:15-cv-05189-JSW   Document 61   Filed 02/04/16   Page 3 of 3
Case 2:15-md-02641-DGC   Document 562   Filed 02/04/16   Page 3 of 3
Case MDL No. 2641   Document 230   Filed 02/04/16   Page 3 of 3

IN RE: BARD IVC FILTERS PRODUCTS
LIABILITY LITIGATION                                              MDL No. 2641

## SCHEDULE A

Northern District of California

RUDEN v. C.R. BARD, INC., ET AL., C.A. No. 4:15-05189

District of Delaware

FRASER-JOHNSON, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 1:15-00968